CUTHBERT & CO. v. BROWN.

AMENDMENT—PRACTICE—ANSWER—PLEADINGS.—A motion to amend
   an answer, by withdrawing an admission of a material fact and sub-
   stituting a denial thereof, thereby changing the nature of the defense,
   comes too late after trial gone into, and motion of nonsuit refused.

Before EARLE, J., Barnwell, November, 1896.   Reversed.

Action by E. B. Cuthbert & Co. against Mike Brown and
Jenny Brown, on a note.   The amended answer permitted
by the Circuit Judge is as follows:

The defendant, Jennie Brown, answering the complaint
herein by this amended answer, alleges: I. That she is a

resident of the State of South Carolina, to wit: of the county and town of Barnwell. That she is a married woman, that is to say, the wife of her codefendant, Mike Brown, and that she signed the note mentioned in the complaint after it was made and indorsed by the said Mike Brown, in pursuance, as she is informed by her husband and verily believes, of an agreement between the plaintiffs and the said Mike Brown, whereby he was to give them his note with this defendant as indorser thereon, and that throughout the whole transaction she was recognized and treated as such indorser by the said plaintiffs, as she is informed and believes, and the said note was in no wise for the use of her separate property, but as an indorser and to secure the debt of her husband, Mike Brown. II. That this defendant denies joining her codefendant, Mike Brown, in the execution of the said note. Wherefore the said defendant demands judgment that the said complaint be dismissed. (Verified.)

From the order permitting the amendment of the answer the plaintiffs appeal.

*Messrs. Izlar Bros.*, for appellants, cite: Code, 194; 18 S. C., 305; 21 S. C., 225, 241; 27 S. C., 95; 24 S. C., 172, 476; 19 S. C., 560; 29 S. C., 124, 325; 32 S. C., 117; 41 S. C., 145; 16 S. C., 231; 31 S. C., 204; 14 S. C., 223; 28 S. C., 449; 32 S. C., 142; 30 S. C., 594; 28 Mo., 346.

*Mr. Robert Aldrich*, contra, cites: 18 S. C., 316; 35 S. C., 366; 13 S. C., 23; 32 S. C., 142; 30 S. C., 575; 31 S. C., 199.

July 1, 1897. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. The plaintiffs brought this action to recover from the defendants the amount mentioned in a promissory note, of which the following is a copy: "$2,000. Barnwell, S. C., Oct. 25th, 1894. Ninety days after date, I promise to pay to the order of myself, $2,000, at office of E. B. Cuthbert, No. 1 Exchange Court, New York city, for value received. Mike Brown."

In the complaint, the allegations are: 1st. That the plaintiffs are copartners. 2d. That on the 25th of October, 1894, the defendants made the note above copied. 3d. "That at the time of the making of the said note, the defendant, Jennie Brown, joined in the execution thereof by writing her name across the back of the said note." 4th. That after the said note had been so executed by the defendants, and before the maturity thereof, the same was duly transferred, for value, to E. B. Cuthbert. 5th. That afterwards, and before the maturity of the said note, the same was duly transferred to the plaintiffs, for value, and they are still the owners and holders thereof. The other allegations are immaterial to the questions raised by this appeal.

The defendant, Mike Brown, put in no answer, and judgment was entered against him by default at the July term, 1896. The defendant, Jennie Brown, put in her answer as follows: "That she is a married woman, that is to say, the wife of her codefendant, Mike Brown, and that she signed the said note as indorser; that the said contract was in no wise for her individual use or for the benefit of her estate."

The case as against defendant, Jennie Brown, came on for trial at the November term, 1896, before his Honor, the late Judge Earle, and a jury. After the pleadings were read, the plaintiffs put in evidence the note sued on, its execution having been admitted by the answer of the defendant, Jennie Brown, and then put in evidence two bound volumes of the statute law of the State of New York, for the purpose of showing what was the law of that State as to the contracts of married women, as it existed at the time the note sued on was made, and closed their case.

The defendant's counsel moved for a nonsuit upon the ground that the plaintiffs have failed to prove that defendant had signed the note as maker. The motion for a nonsuit was overruled, and thereupon the defendant offered a witness for the purpose of proving that the defendant signed the note simply as an indorser, and not as maker. Upon

objection, the Court ruled that the testimony was inadmissible, because the defendant had, by her answer, admitted the allegation in the third paragraph of the complaint, which, under the law of this State, made her a maker of the note. Counsel for the defendant then moved for leave to amend the answer of the defendant by alleging that she signed the note after it was made and indorsed by the said Mike Brown, in pursuance of an agreement between the plaintiffs and the said Mike Brown, whereby he was to give them his note, with this defendant as indorser, and that throughout the whole transaction she was recognized and treated as such indorser by the plaintiffs, and that said note was in no wise for the use of her separate estate, but as an indorser to secure the debt of her husband; and also by denying that she had joined her codefendant in the execution of said note. After argument, the Circuit Judge granted the order for leave to amend, "with great reluctance," as he says, and the case was withdrawn from the jury and continued to the next term of the Court. Let the proposed amended answer, which is set out in the "Case," be incorporated by the reporter in his report of the case.

From the order granting leave to the defendant to amend her answer as proposed, the plaintiffs appeal upon the three exceptions set out in the record, which, however, raise the single question whether there was error in granting the leave to amend at the time and under the circumstances stated. While it may be quite true that the amendment asked for could properly have been allowed, if applied· for at the proper time, yet the question assumes a very different aspect when the amendment was not applied for until after the trial had commenced, and after the plaintiffs had closed their case, and a motion for a nonsuit had been refused, indicating very clearly that, in the opinion of the Circuit Judge, the plaintiffs had made out their case, and were entitled to the judgment demanded, in the absence of any showing to the contrary, which was not made. To allow a defendant at that stage of the case to amend his

answer, by converting admissions in his verified answer into denials of the facts thus admitted, and, in addition thereto, to insert allegations of an agreement between the parties at the time of the making of the contract, the breach of which constituted the plaintiff's cause of action, of which agreement there was no allegation or even hint in the original answer, would certainly not be "in furtherance of justice," but would tend to defeat justice, by necessitating a loss of a term to the plaintiffs, and putting them to the expense of procuring additional testimony to meet a defense not stated or even hinted at in the original answer. When the defendant was served with a copy of the complaint, in which the facts upon which plaintiffs based their claim were fully and distinctly stated, she had ample time and opportunity to prepare her defense to said claim; and if she saw fit to rest her defense upon the grounds stated in her original verified answer, in which she admitted one of the material facts upon which the plaintiffs' claim was based, and relied solely on the defense that she was a married woman, and that the contract which constituted the basis of plaintiffs' cause of action "was in no wise for her individual use or for the benefit of her estate," and go to trial on such defense, she should not, in the midst of the trial, and after she had found that the defense upon which she relied would not avail her, be permitted to change her entire line of defense by substituting a denial for the admission of one of the material facts alleged in the complaint, thus putting the plaintiffs to the proof of a fact originally admitted, and by setting up an alleged agreement, of which nothing had been previously heard, showing that the contract sued on was not only not a contract "for her individual use or for the benefit of her estate," but was a contract of securityship for the debt of her husband. It seems to us that, under the authorities, as well as upon reason, the amendment was erroneously allowed at the time and under the circumstances under which it was granted, "with great reluctance," as the Circuit Judge himself says. See *Trumbo* v. *Finley*,

18 S. C., 305; *Kennerty* v. *Etiwan Phosphate Co.*, 21 S. C., 226; *Skinner* v. *Hodge*, 24 S. C., 172; *Clayton* v. *Mitchell*, 31 S. C., 199, where we find the following language appropriate to this case: "The provisions of the Code in respect to amendments are certainly liberal enough to save parties from the effects of a mistake, which even the most careful persons may sometimes fall into, but such amendments must be applied for at the proper time, and a party cannot be permitted, after planting himself upon a certain ground of action or defense, and finding it unsuccessful, to shift his ground and renew the controversy upon other grounds which he might have taken in the first instance. This would lead to interminable litigation, whereas the time-honored maxim is: *Interest reipublicæ ut sit finis litium.*"

The judgment of this Court is, that the order allowing the amendment be reversed and set aside, and that the case be remanded.