### GRIFFIN v. McCAIN *ET AL.*

#### (120 S. E., 95)

CORPORATIONS—PARTNERSHIP—GENERAL DENIAL HELD NOT TO RAISE QUESTION AS TO STATUS AS PARTNERSHIP OR CORPORATION.—A general denial of a complaint, alleging that defendants were partners or of a complaint alleging that defendant was a corporation, will not put in issue the existence of defendants as a partnership or as a corporation.

Before ANSEL, J., County Court, Greenville, December, 1921. Reversed.

Action by Pierce Griffin against W. E. McCain and W. O. Groce, partners, as McCain & Groce. From an order of nonsuit, plaintiff appeals.

*Mr. L. K. Clyde,* for appellant, cites: *Objection by answer must state grounds of objection specifically:* 25 S. C., 315; 79 S. C., 568; 65 S. C., 116. *Capacity in which plaintiff sues is not part of cause of action:* 25 S. C., 309; 31 S. C., 317; 73 S. C., 505. *If capacity is not put in issue on specific grounds it is a substantial admission of capacity:* 31 S. C., 312; 25 S. C., 315; 41 S. C., 16; 65 S. C., 116; 73 S. C., 505; 41 S. C., 390; 35 S. C., 368; 20 S. C., 32; 73 S. C., 545. *Lack of allegation as to partnership not available on motion for nonsuit:* 88 S. C., 355; 54 S. C., 206; 51 S. C., 191. *Issues varied by general denial:* 8 S.

C., 111; 35 S. C., 372. *Liability of joint trespassers is joint and several:* 1 Bay, 15; 94 S. C., 195; 67 S. C., 419; 38 Cyc., 463; 68 S. C., 55; 69 S. C., 1.

*Mr. H. P. Burbage,* for respondent, cites: *Denial was sufficiently specific to put plaintiffs on notice:* 79 S. C., 568; 113 S. E., 314.

November 14, 1923.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The following statement appears in the record:

"This is an action for trespass by the defendants upon the plaintiff's premises and for taking and conversion of the plaintiff's organ, of the value of $100.00, instituted in the County Court for Greenville County, on the 17th day of March, A. D. 1921, and came on for hearing before his Honor, Martin F. Ansel, County Judge, and a jury, on the —— day of December, A. D. 1921. The plaintiff introduced his testimony in chief and rested. The defendants offered no testimony, but moved for a directed verdict, on the ground that the plaintiff had failed to prove the partnership of the defendants as required to do by the answer of the defendants. His Honor refused to grant the motion, but granted a nonsuit on his own motion for reasons stated in his order."

The following also appears in the record:

"Mr. Clyde: I make a motion to amend the complaint. After the words, 'W. E. McCain and W. O. Groce, doing business under the name of McCain & Groce,' I wish to add the following: 'a corporation, duly chartered under the laws of the State of South Carolina.' That does not change the body, but simply is an addition.

"Court: If I should allow the amendment, the other parties would have the right to answer; therefore, it would have to be withdrawn from the jury, in order to give them the opportunity to make answer.

"Exception noted."

His Honor, the County Judge, made the following order:

"This is a motion for a directed verdict in favor of the defendants, also in favor of the plaintiff. In the first allegation it is alleged that W. E. McCain and W. O. Groce are doing business under the name of McCain & Groce. There is no testimony in reference to a partnership. A denial of allegation of partnership is not upon the same principle as denial of a corporation, according to my understanding of the decisions. The proof does not satisfy me as to the partnership. I, therefore, refuse to direct a verdict, but, on my own motion, I grant a nonsuit in order that the matter may be tested as to my rulings. Nonsuit granted."

The only exception which it is necessary to reproduce is as follows:

"Because his Honor erred in holding 'a denial of a partnership is not upon the same principle as denial of a corporation, according to my understanding of the decisions,' when he should have held that the principle is the same here; that the defendants' answer is a general denial, which is a substantial admission of the capacity in which they are sued; that they having appeared generally, put in a general denial and gone to trial on the merits, waived their right, if any they had, to object to the capacity in which they were sued, and could not, after plaintiff had introduced his testimony in chief, interpose such an objection at that period of the trial; the same being plain violation of the Civil Code."

The only answer on the part of the defendants was—

"That they specifically deny each and every allegation of the complaint, and demand strict proof, as to each and every allegation in said complaint."

His Honor, the County Judge, was in error in his ruling that the denial of a partnership, and the denial of a corporation were different in principle. The defendants' answer did not put in issue the existence of the defendants,

either as a partnership or a corporation. This conclusion is sustained by the following authorities: *Palmetto Lumber Co. v. Risley,* 25 S. C., 309. *Shull v. Caughman,* 54 S. C., 203; 32 S. E., 301. *Blackwell v. Mortgage Co.,* 65 S. C., 105; 43 S. E., 395. *Trimmier v. Railway Co.,* 81 S. C., 203; 62 S. E., 209.

Reversed.

MESSRS. JUSTICES WATTS and FRASER concur.

MESSRS. JUSTICES COTHRAN and MARION: We concur in the result, upon the ground that the action is not against the partnership, but against the individual defendants; the words "doing business under the name of McCain & Groce" certainly in an action in tort being merely descriptive. *McKissick v. Witz,* 120 Ala., 412; 25 South., 21.