14931

SMITH v. METROPOLITAN LIFE INS. CO.

(4 S. E. (2d), 270)

July, 1938.

Messrs. *Julian S. Wolfe* and *Elliott, McLain, Wardlaw & Elliott,* for appellant,

*Messrs. Lide & Felder* and *Louis Rosen,* for respondent.

August 3, 1939.

The opinion of the Court was delivered by Mr. H. F. Rice, Acting Associate Justice.

The following statement of the case is taken from the brief of the defendant:

"This action was commenced in the Orangeburg County Court by service of summons and complaint on the 31st day of January, 1938.

"In due time the defendant answered and the case came on for trial before Judge Moss and a jury during the July, 1938, term of the Orangeburg County Court. The trial resulted in a verdict in favor of the plaintiff for the sum of $500.00, being the face amount of a policy of life insurance as prayed for in the complaint.

"During the trial of the case the defendant objected to certain testimony regarding the payment of the proceeds of a policy of insurance issued to another company at a different time and under different circumstances than the policy sued upon. This policy, concerning which the objection was made, was in no way involved in the present action. Defendant's objection was overruled and plaintiff was allowed to testify that the other company had paid its policy after the death of the insured, defendant having denied liability under its policy. Defendant appeals on the ground that this testimony was irrelevant and incompetent, and highly prejudicial to its case."

In the trial of the case the defendant offered in evidence the proofs of death furnished the defendant by the plaintiff, in which will be found the following:

"12. If any other policies on deceased in this company, give policy numbers and amounts.

"Metropolitan $290.00.

"13. Was deceased insured in any other company or society? If so, state names of companies or societies and amount of insurance and dates of policies in each.

"Liberty Life $141.00; Life Ins. Va. $141.00."

The plaintiff's attorney examined the plaintiff as to the Liberty Life Insurance mentioned in Paragraph No. 13. The defendant's attorney promptly objected to this examination, and the objection was overruled by the county Judge. The exception of the defendant's attorney is in the form of a question and is as follows: "Is it error for a trial Judge, over defendant's objection, to allow the introduction of testimony regarding the payment of the proceeds of another life insurance policy issued by another company, under different circumstances and many years prior to the issuance of the policy for the proceeds of which defendant is being sued?"

If the question as thus presented covered all the essential points in the case, then probably this Court would have to answer in the affirmative and send the case back for a new trial. See *Gilliam v. Southern Railway Co.*, 108 S. C., 195, 93 S. E., 865, and many other cases later reported in our South Carolina Supreme Court reports. But the exception does not raise all the questions involved in this appeal. The defendant's attorney, without reserving his objection, proceeded to cross examine the witness about the Liberty Life Insurance Company of Virginia, and later on introduced in evidence a Metropolitan Insurance policy mentioned in the answer to the No. 12 interrogatory set out above, and elicited from the witness that this policy had been paid.

In 5 C. J. S., Appeal and Error, page 1018, § 1735 b, is the following: "Error in the admission of evidence offered by one party is cured where practically the same evidence is

afterwards introduced by the adverse or objecting party or elicited on cross examination."

Also, in *Snipes v. Augusta-Aiken Railway & Electric Corp.*, 151 S. C., 391, 149 S. E., 111, and in *Nock v. Fidelity & Deposit Company of Baltimore, Maryland,* 175 S. C., 188, 178 S. E., 839, 98 A. L. R., 757, it is held that in the cross examination of a witness without reserving the objection, if similar testimony as that objected to by the defendant is brought out by the defendant's attorney, then such objectionable testimony becomes competent and any error of the presiding Judge in admitting same is cured. In the case of *Nock, supra,* 175 S. C., at page 195, 178 S. E., at page 842, 98 A. L. R., 757, the Court says: "The record discloses that counsel for the appellant cross-examined Mr. Nock and Mr. Want on the matters objected to without any reservation." Then quoting from syllabus in the *Snipes case, supra:* " 'Any error in admitting testimony over objection is cured, where similar testimony is brought out without reservation of the objection.' "

Exception overruled and judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and FISHBURNE concur.

MR. BAKER concurs in result.

MR. JUSTICE CARTER did not participate on account of illness.

### ORDER ON PETITION FOR REHEARING

*Per curiam.*

This is a motion by the appellant for a rehearing in the above entitled case.

After re-examination of the record in the case for the Supreme Court, upon which the above matter was heard, this Court finds that no material question, either of law or fact, was overlooked by the Court in the opinion filed in above case.

The motion, therefore, is refused, the petition dismissed and the order staying the remittitur revoked.

MR. JUSTICE BAKER (concurring):

I concur in the order refusing petition for rehearing in the above-stated case, but desire to state my reasons therefor.

It is stated in the opinion in this case that appellant's counsel, without reserving their objection, cross examined plaintiff with reference to his testimony given on direct examination, over the objection of appellant, that Liberty Life Insurance Company and Life Insurance Company of Virginia had paid policies which they had issued on the life of the deceased. This is not an accurate statement. Appellant's counsel, in cross examining plaintiff, brought out the fact that another policy issued by appellant insurance company had been paid by appellant. When they did this, they cured the error in the admission of the testimony that policies issued by these other insurance companies on the life of the deceased had been paid; and for this reason I concurred in the result of the opinion filed.