# Richmond

## GRAND PIANO COMPANY, INC. v. T. A. LEWIS, ET ALS.

March 2, 1942.

Record No. 2496.

Present, All the Justices.

The opinion states the case.

*John J. Allen* and *Poindexter & Poindexter*, for the appellant.

*Joseph F. Hall* and *Philip Kohen*, for the appellees.

GREGORY, J., delivered the opinion of the court.

The Grand Piano Company, Inc., sold a piano to the Lewis Players for $260, of which only $15 has been paid. The Lewis Players was composed of T. A. Lewis and Myrtle Lewis, his wife, and F. A. Williams, a brother-in-law of Lewis. The sale was made on January 28, 1930, and was evidenced by a conditional sale contract which secured the monthly payments of $15 each and 6% interest and provided that in event of default in any one payment the whole amount remaining unpaid should at once become due. If collected by suit or attorney it was agreed that $5, attorney's fee, and $10 collection fee would also be paid. Default was made on December 28, 1930.

. The contract was signed by the Grand Piano Company, Inc., and by "Lewis Players" and by "F. A. W." Evidently "F. A. W." was intended as the signature of F. A. Williams. The signatures were under seal.

The collection of the debt was sought to be enforced through attachment proceedings which were dismissed by

the trial court because it was of opinion that Myrtle Lewis, to whom the fund attached belonged, was not the purchaser of the piano and therefore not liable for the purchase price.

The fund that was sought to be attached arose in this manner: Myrtle Lewis owned real estate in Buchanan, Virginia, on which there was a deed of trust securing the payment of $3,500 and interest. This $3,500 was evidenced by a note made by T. A. Lewis and Myrtle Lewis and endorsed by F. A. Williams. The note carried a provision for the payment of a collection or attorney's fee of 15%. This note being in default, the Buchanan National Bank, the holder, requested the trustee to sell the real estate, which was done. After the payment in full of the debt due the bank and of the trustee's commission and costs there remained the sum of $467.57 in the hands of the trustee. The Grand Piano Company sued out its attachment for $245 and interest (both aggregating more than $300) against the $467.57. The Buchanan National Bank and Philip Kohen, an attorney, intervened by their respective positions claiming the entire $467.57 as attorney's fee, it being a little less than the 15% provided for in the note.

The trial court, as indicated, dismissed the attachment. It held that the Lewis Players, a corporation, purchased the piano, and that funds belonging to Myrtle Lewis could not be attached for the corporation's debt, but it did not direct to whom the $467.57 should be paid, nor did it fix a reasonable attorney's fee for the attorney of the bank.

We must first determine whether T. A. and Myrtle Lewis and F. A. Williams purchased the piano, as individuals or as partners, and were accordingly liable for the purchase price, or whether the purchase was made by a corporation. If they purchased the piano as individuals or as partners they are all liable. It must be determined also what would be a reasonable attorney's fee to be allowed the attorney for the bank.

T. A. Lewis and his wife were non-residents and not present at the trial. They have made no defense and their depositions were not taken though their address was known to

the appellees. The only evidence touching the sale of the piano is that of the salesman of the Grand Piano Company. He testified that Lewis and his wife and F. A. Williams, all of whom he knew and with whom he had dealt before, were in the store and he waited upon them. He understood that he was selling the piano to Mr. and Mrs. Lewis and Williams who constituted the Lewis Players and not to the Lewis Players, a corporation. They did not represent that credit was to be extended to a corporation; credit was extended to them as individuals. There was nothing in the contract or in the signatures to indicate that the "Lewis Players" was a corporation. On the other hand from the signatures it would naturally be taken that it was a partnership. Even if there were a corporation under the name of Lewis Players, Inc., there was no evidence introduced tending to show that the corporation and Lewis Players who are here involved were identical.

There is an entire absence of any evidence tending to show that the Grand Piano Company intended to make the sale to a corporation. We think the evidence is sufficient to establish that the sale was made to Mr. and Mrs. Lewis and F. A. Williams either as individuals or as partners, in which latter event they would be individually and severally liable.

In the petition for the attachment the Grand Piano Company alleged that T. A. Lewis and Myrtle Lewis were partners trading under the name of Lewis Players. This allegation is not denied under affidavit in any pleading, or otherwise, in compliance with Michie's Code, section 6127. Therefore, the existence of the partnership must be considered as established. That section provides in part: "Where plaintiffs or defendants sue or are sued as partners * * * it shall not be necessary to prove the fact of the partnership * * * unless with the pleading which puts the matter in issue there be an affidavit denying such partnership * * *."

Mrs. Myrtle Lewis, being a partner, is of course liable for the purchase price of the piano and the fund of $467.57 being hers, is subject to the attachment after the payment of a reasonable attorney's fee to the attorney for the bank.

What is a reasonable attorney's fee to be allowed the attorney for the Buchanan National Bank? The 15% provision expressed in the $3,500 note is *prima facie* a reasonable fee. *Conway* v. *American Nat. Bank*, 146 Va. 357, 131 S. E. 803. However, the 15% is only *prima facie* reasonable. Here the trustee has already charged 5% or $232.50 for foreclosing the deed and selling the property. To allow in addition another fee of 15% to the attorney would be too much.

There should be compensation for the work of the attorney. He is no doubt entitled to be paid in accordance with the value of his services not exceeding 15%. The evidence fails to show that he did more than is ordinarily done when a trustee sells property under a deed of trust. He has performed no exceptional services. He did no more than to supervise the sale. The only testimony touching the reasonableness of the fee fixes it at $75. It is true he attached a lot in Buchanan as additional security, but, as it has developed, the debt was paid in full to the bank without the necessity of exposing the lot to public sale. Whatever work he performed in connection with the attachment of the lot and the compensation he is entitled to for that work is a matter between him and his client, the bank. It is not to be considered in fixing the attorney's fee in the present controversy.

We having the entire record before us are in position to fix a reasonable attorney's fee for the attorney for the Buchanan National Bank. In the light of the testimony and in view of the work performed by the attorney, we think $100 would be reasonable for his services. We reverse the decree of the lower court and order that after the payment of the attorney's fee, the debt due the petitioner shall be paid from the residue. The cause is remanded.

*Reversed and remanded.*