17317

CONCRETE MIX, INC., Respondent, v. WILLIAM A. JAMES and J. F. McBRIDE, trading as James Realty Company, Defendants, of whom William A. James is Appellant.

(98 S. E. (2d) 841)

*Messrs. Suggs & McCutcheon,* of Conway, *for Appellant,*

*Messrs. Long & Long,* of Conway, and *Dexter R. Hamilton,* of Myrtle Beach, *for Respondent,*

July 1, 1957.

STUKES, Chief Justice.

This is an action for goods sold and delivered, in which there was jury verdict and judgment for plaintiff for $991-.50. Ready-mixed concrete constituted the "goods" and was

manufactured at plaintiff's plant in Rockingham, North Carolina, and delivered to a construction project of the defendants at Cheraw, South Carolina. It was alleged in the complaint that the defendant James is a resident of Horry County of this State and the defendant McBride is a resident of Cheraw; and that they are partners and doing business under the name and style of James Realty Company in Cheraw. McBride defaulted. James answered, admitting his residence in Horry County; with respect to other allegations of the complaint, his answer is a general denial. There was no specific denial of the partnership which was alleged in the complaint.

The secretary and treasurer of the plaintiff corporation testified to the sales to defendants and offered in evidence the ledger sheets which contained the account. He testified that they were kept by a clerk under his supervision and control but upon admission that he did not personally make the entries, defendant objected to the evidence which was overruled and the account was admitted in evidence. It showed the balance due as alleged in the complaint. Without reserving his objection, counsel for defendant cross examined the witness at length concerning it. The latter testified that the account was made up from so-called delivery tickets, which accompanied the shipments, were signed by the purchaser and returned to plaintiff's office. The original tickets were admitted in evidence without objection. Plaintiff's plant supervisor also testified to the original agreement with the defendants pursuant to which the concrete was sold and delivered to them at their project in Cheraw. He was instructed by McBride to bill the shipments to him and he would turn the bills over to James who would pay them by check. The witness prepared the tickets accordingly. (Part payments were made by checks of James Realty Company and credited on the account.) He said the defendants told him, in effect, that they had formed a company or corporation and were together on the project to which the concrete was delivered and there used. Upon recall as a witness,

plaintiff's secretary and treasurer testified that the defendant McBride, on the Friday before the trial, admitted to him receiving the concrete, that the account is correct, and promised to attend the trial and testify, but he is not in good health. He did not attend the trial; James' counsel admitted McBride's bad health.

At the conclusion of plaintiff's evidence counsel for the defendant James moved for direction of verdict which was overruled. Thereafter his counsel asked the permission of the court to withdraw the motion and to offer testimony, quoting, "on the question of partnership." The court ruled that it was not in issue under the pleadings. Defendant James also moved, after conclusion of plaintiff's case, to amend his answer by denying the partnership, which was refused. He then declined to offer testimony as to the delivery and the amount of the concrete.

Motion by plaintiff for directed verdict in its favor was denied and the case was submitted to the jury which returned verdict for it in the amount demanded. Defendant James thereupon moved for judgment n. o. v. or new trial, which motion was refused.

He has appealed and submits three questions. The first imputes error in the admission in evidence of the ledger sheets of the account in suit. However, his counsel's cross examination of the witness concerning them, without reservation of the objection, makes it unavailable on appeal and we need not consider the merits of the question *Snipes v. Augusta-Aiken Ry. & Electric Corporation,* 151 S. C. 391, 149 S. E. 111; *Nock v. Fidelity & Deposit Co.,* 175 S. C. 188, 178 S. E. 839, 98 A. L. R. 757; *Smith v. Metropolitan Life Ins. Co.,* 191 S. C. 310, 4 S. E. (2d) 270; *Goudelock v. Prudential Ins. Co. of America,* 219 S. C. 284, 65 S. E. (2d) 114; *Brevard v. Fortune,* 221 S. C. 117, 69 S. E. (2d) 355.

The second question alleges error in the refusal of the court to direct verdict in favor of appellant upon the ground, quoting from the question, "that plaintiff

failed to make out a case against said defendant." The quoted language is that of the second exception. It is too general and indefinite for consideration. Supreme Court Rule 4, sec. 6: "Each exception must contain a concise statement of one proposition of law or fact" etc. However, enough of the evidence has been stated to show that it all tended to establish the allegations of the complaint and entitle respondent to judgment; none was offered to the contrary.

Finally, appellant charges error in the conclusion of the trial court that question of the alleged partnership was not raised by the answer. There was no error. The answer did not contain specific denial of partnership, which was necessary to make an issue thereabout; the general denial did not. *Griffin v. McCain*, 126 S. C. 506, 120 S. E. 95; *Grand Piano Co. v. Lewis*, 1942, 179 Va. 281, 19 S. E. (2d) 86. "In a number of jurisdictions, however, under statutes or rules of court, a plea of the general issue does not raise the issue of the existence of the partnership alleged." 68 C. J. S. Partnership § 221, b, p. 710.

Nor was it error, certainly not an abuse of the court's discretion, within which it lay, to deny the motion of appellant to amend his answer to belatedly deny the partnership. It came after the close of plaintiff's case and it would have been unfair to it to then inject an issue which was not made by the pleadings upon which the parties went to trial. If allowed, it would have substantially changed the defense; indeed, it would have interposed a new defense. Sec. 10-692, Code of 1952. *Cuthbert v. Brown*, 49 S. C. 513, 27 S. E. 485; *Martin v. Fowler*, 51 S. C. 164, 28 S. E. 312.

Affirmed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.