**In re CRAFTY FOX, LTD., Debtor.**

**Appeal of Lloyd D. FLORA and the Estate of Reba F. Flora.**

**Civ. A. No. 77–00164.**

United States District Court,
W. D. Virginia,
Roanoke Division.

Aug. 24, 1979.

Donald L. Wetherington, Wetherington, Flippin, Melchionna, Bosserman & Burton,

Roanoke, Va., for Lloyd D. Flora and The Estate of Reba F. Flora.

Joseph P. Bounds, King, Fulghum, Renick & Bounds, Roanoke, Va., for debtor.

Ralph B. Rhodes, Rocky Mount, Va., for Farmers and Merchants Bank of Boones Mill, Virginia.

Diana M. Perkinson, Perkinson & Perkinson, Roanoke, Va., for Creditors' Committee.

## MEMORANDUM OPINION

TURK, Chief Judge.

This case involves the question of the extent to which the Bankruptcy Court is bound by a provision in a secured note awarding stipulated attorney's fees to the secured creditor in the event he finds it necessary to employ counsel for purposes of collection.

Crafty Fox, Inc. ("Crafty Fox"), on April 15, 1973, executed a "Deed of Trust Note" evidencing its indebtedness to the appellants, non-commercial lenders, in the principal sum of $100,000, an indebtedness which had resulted from its purchase from the appellants of a certain parcel of land situated in Franklin County, Virginia. The note provided for 6½% interest on remaining balance, payable in quarterly installments beginning on October 15, 1973. Payment of principal was deferred until 1978, in which year the principal became payable in ten annual installments each due on April 15. Also included among the terms of the note, which had been prepared by counsel for Crafty Fox, was the following provision:

If the debt hereby evidenced be not paid as it matures and is collected by suit or attorney, it is further agreed that there shall be paid hereunder as an attorney's fee for such collection 5% of the amount then due which is hereby agreed upon as a reasonable charge.

As part of this same transaction, Crafty Fox, on 15 April, 1973 also executed a "Deed of Trust." The Deed recited that it was given "to secure payment of . . . one negotiable interest bearing note of even date herewith, made by Crafty Fox, Ltd.," as well as to secure Crafty Fox's performance of "all and several of the covenants herein set out."[1] This Deed was recorded on May 17, 1973.

Crafty Fox ceased making its interest payments under the note after October 15, 1976 and, on February 23, 1977, it filed under the Bankruptcy Act a voluntary petition for a Chapter XI arrangement. On March 7, 1977, appellants consulted with and retained an attorney for collection of moneys due under the Note. The attorney filed a secured claim against the bankrupt estate for sums due under the Note and Deed, including therein claims for the entire principal, interest then accrued, and the stipulated 5% attorney's fee. Attached to this proof of claim was a copy of the Note and Deed heretobefore described. A proposed plan of arrangement was filed on September 12, 1977 which provided for the sale of all Crafty Fox assets. Under this plan, appellants were to continue financing the principal sum of $100,000 at the 6½% interest rate provided for in the Note; said plan, however, contained no provision for the personal liability of the purchaser on the Note, and appellants objected. The plan ultimately failed when the proposed purchaser refused to comply with the contract for sale of the assets, and counsel for appellants then filed a complaint seeking relief from the automatic stay imposed under Bankruptcy Rule 11–14 in order that

---

1. The Deed went on to "impose and confer upon the parties hereto and the holder of said note hereunder all of the duties, rights and obligations prescribed in [Virginia Code § 55–59]." § 59–59 provides, in pertinent part:

§ 55–59. *How deed of trust construed; duties, rights, etc. of parties.*—Every deed of trust to secure debts or indemnify sureties, except so far as may be therein otherwise provided, shall be construed to impose and confer upon the parties thereto, and the beneficiaries thereunder, the following duties, rights and obligations in like manner as if the same were expressly provided for by such deed of trust, namely:

(1) The deed shall be construed as given to secure the performance of each of the covenants entered into by the grantor as well as the payment of the primary obligation.

636

foreclosure could be had pursuant to the Deed of Trust.

A second plan was subsequently proposed and confirmed; this plan too provided essentially for the sale of all Crafty Fox assets. Sale under the plan was ordered free of all liens, said liens to be impressed upon the proceeds of the sale. The sale was consummated and then confirmed by the Bankruptcy Court on August 1, 1978. By order dated July 25, 1978, the Court requested Memoranda of Law on Crafty Fox's objection to the payment of post-bankruptcy interest and the stipulated 5% attorney's fee. A memorandum was prepared by attorneys for the appellants and submitted on August 22, 1978. The Bankruptcy Court, on August 25, 1978, directed payment of principal and accrued interest but reserved for future consideration the question of attorney's fees. At the request of the Court, attorneys for the appellants submitted, on September 19, 1978, an application for attorney's fees, and the Court on the following day set October 25, 1978 as the date for the hearing on objections to claims and allowances. The hearing was thereafter continued and the Bankruptcy Court, without said hearing having taken place, ultimately denied appellants' application for the stipulated 5% attorney's fee, awarding instead a fee of $2,000.[2] Appellants now assign error to the Bankruptcy Court's failure to award attorney's fees according to the 5% figure stipulated in the secured note.

▮ The cases are uniform in holding that the validity in bankruptcy proceedings of a provision in a secured note calling for stipulated attorney's fees presents a question of state law:

Whether counsel fees in such a situation are allowable in a bankruptcy proceeding

depends upon the law of the state in which the land conveyed by the deed of trust is situate.

*Brown v. Security Nat. Bank of Greensboro,* 200 F.2d 405, 408 (4th Cir. 1952). *Accord, Manufacturer's Finance Co. v. McKey,* 294 U.S. 442, 55 S.Ct. 444, 79 L.Ed. 982 (1935). The courts of the Commonwealth of Virginia have consistently upheld the validity of such provisions:

In Virginia a stipulation in a note for compensation to attorneys for collection fees incurred, if payment of the note is not made at maturity, is a valid, binding and enforceable contract.

*Merchants & Planters Bank v. Forney,* 183 Va. 83, 31 S.E.2d 340, 345 (1944). *Accord, University of Richmond v. Stone,* 148 Va. 686, 139 S.E. 257 (1927) (upholding stipulated attorney's fees of 10%).[3] The cases likewise indicate that where provision for stipulated attorney's fees is made in a note secured by a deed of trust, which deed specifies that it is given as security for said note, such attorney's fees themselves are part of the secured debt:

When default was made in the payment of the . . . note, the attorney's fee of ten per cent., under the terms of the note, when thereafter properly incurred, became due and payable as a part of the debt secured by the deed of trust.

*University of Richmond v. Stone,* 148 Va. 686, 692, 139 S.E. 257, 259 (1927).

▮ The Deed of Trust here at issue recites that it is given to secure "one negotiable interest bearing note of even date herewith." The Note, in addition to requiring payment of interest and principle, imposed on Crafty Fox liability for 5% attorney's fees should appellants be required to resort to attorney or suit for collection purposes.[4]

**2.** Attorney's fees in accordance with the stipulated 5% figure resulted in a total of some $5,575, as calculated by appellants in their amended proof of claim.

**3.** *See also, Schwab v. Norris,* 217 Va. 582, 231 S.E.2d 222 (1977). The Court in *Schwab* reversed the lower court's reduction of attorney's fees from the stipulated 18% of the total note to 10%, holding that, absent "allegation or evi-

dence of mistake, fraud, misrepresentation, or overreaching" or a finding that the amount agreed upon was unreasonable, the courts were without authority to thus change the terms of the parties' agreement. *Id.* at 225.

**4.** It should be noted that there has been no contention that the services here performed by appellants' attorneys were not within the contemplation of the Note's provision for attor-

The Deed additionally specified that, as per Virginia Code § 55–59, it was given to secure the performance of each of the covenants entered into by the grantor, one of which was the payment of 5% attorney's fees under the Note. If appellants' lien under the Deed of Trust was valid under Virginia law, then, the stipulated attorney's fees being part and parcel of that lien, appellants were entitled to payment from the proceeds of the land described in the Deed of Trust according to the stipulation.

The Bankruptcy Court, in its Memorandum Opinion and Order entered with respect to this question, concedes the validity of the provision for a stipulated attorney's fee here at issue, predicating its reduction of the stipulated fee on the ground that "this Court can only fix an allowance payable out of the estate which must reflect necessary time and services expended and that time and services otherwise expended in unnecessary efforts in behalf of creditors cannot be compensated." While the "necessary" standard utilized by the Bankruptcy Judge in evaluating the proper fee allowable to appellants as attorney's fees may well be applicable to other similar controversies,

> [t]he fact that the bankruptcy court considers legal assistance in asserting a particular claim unnecessary is material only if the stipulation itself excludes liability for unnecessary services.

3A *Collier on Bankruptcy,* § 63.15, p. 1854. Because the stipulation here at issue recited no such qualification, it was outside the province of the Bankruptcy Court to thus impose one.

It is this court's opinion that, absent such findings as would lead the state court to modify a provision in a note secured by a deed of trust for stipulated attorney's fees,[5] the Bankruptcy Court was without the authority to refuse to enforce such a stipulation as agreed to by the parties. Crafty Fox having defaulted on its obligations under the Note, and appellant having been thereby required to retain an attorney to ensure protection of its interests thereunder, the contingent stipulated attorney's fees became as much an enforceable part of the debt secured by the Deed of Trust as were payments of principle and interest. Accordingly, this court holds that appellants' lien on the proceeds of the property conveyed under the Deed of Trust encompassed the stipulated attorney's fees of 5% of balance due under the Note. To the extent such proceeds were sufficient in amount, appellants should have been allowed to realize the stipulated 5% attorney's fees from them. SO ORDERED.

REMANDED for further proceedings consistent with this opinion.

---

ney's fees. Given the broad language of the provision here at issue it would appear that any such contention would be without merit. *See, In re Essential Industries,* 150 F.2d 326, 328 (2d Cir. 1945).

**5.** As noted in n. 4, *supra,* the Virginia courts will go beyond the face of a stipulated attorney's fee given allegations or evidence of mistake, fraud, misrepresentation, or overreaching. *Schwab v. Norris,* 217 Va. 582, 231 S.E.2d 222, 225 (1977). None of these factors appear remotely present in the instant case. Likewise, a finding that the stipulated fee was unreasonable will justify a refusal to enforce it. *Id.* The 5% fees stipulated in this case do not appear to have been unreasonable, especially in light of the Virginia courts' enforcement of stipulated fees ranging up to 18% of the total note, *Schwab v. Norris, supra,* nor has the Bankruptcy Judge so found, having concluded only that a fee of approximately 2% would be more reasonable given the bankruptcy court context of this litigation.