## In re CRAFTY FOX, LTD., Debtor.

Bankruptcy No. 77–00164.

United States District Court,
W. D. Virginia,
Roanoke Division.

July 16, 1980.

Joseph P. Bounds, Roanoke, Va., for Crafty Fox, Ltd.

Ralph B. Rhodes, Rocky Mount, Va., for Farmers and Merchants Bank.

James E. Nunley, Bristol, Va., for trustee.

Diana M. Perkinson, Roanoke, Va., for Creditors' Committee.

## OPINION

TURK, Chief Judge.

This case presents the question of the extent to which the Bankruptcy Court is bound by a provision in a secured note awarding stipulated fees to the secured creditor in the event he finds it necessary to employ counsel for purposes of collection:

Crafty Fox, Ltd. ("Crafty Fox") on May 23, 1974 entered into a note evidencing its indebtedness to the appellee, Farmers and Merchants Bank of Boones Mill (the "Bank"), in the amount of $70,000. Included among the terms of the note was the following provision:

> If this note is not paid at maturity and is collected by suit or attorney, the makers and indorsers hereof agree to pay in addition to the amount of this note 15% collection fees and fifteen dollars attorney's fees.

As part of the same transaction and to secure the note, Crafty Fox on the same day executed a deed of trust which recited that it was intended,

> . . . to secure the payment of the aforesaid debt evidenced as above set out . . . with interest on such debt and any renewals or extensions thereof, and also to secure the collection and—or attorneys fees provided in said evidence of indebtedness or any such renewals or extensions thereof.

The deed was recorded the following day.

Crafty Fox ultimately defaulted on its obligations under the note and, on February 23, 1977, it filed under the Bankruptcy Act a petition for a Chapter XI arrangement. The Bank subsequently filed a complaint, pursuant to Rule 11–44(d), *Rules of Bankruptcy Procedure*, in which it sought to be relieved from the automatic stay of Rule 11–44 in order that it might foreclose upon its deed of trust. Decision on the complaint was deferred by the Bankruptcy Court to enable the debtor to present a plan to its creditors for their consideration and acceptance. A plan was ultimately proposed and confirmed which provided essentially for the sale of all Crafty Fox assets. Sale under the plan was ordered free of all liens, said liens to be impressed upon the proceeds of the sale. The sale was consummated and, subsequently, confirmed on August 1, 1978. On August 25, 1978, the Bankruptcy

Court directed payment of principal and accrued interest on the Bank's note, but it reserved for future consideration the question of attorney's fees. At the request of the Court, the Bank submitted an application for attorney's fees, an application which sought fees in accordance with the 15% stipulation and which had attached to it exhibits as to time expended. The Bankruptcy Court ultimately awarded attorney's fees in the amount of $2,000.[1] The Bank moved for the reconsideration of this allowance pursuant to Rule 307, *Rules of Bankruptcy Procedure*, a motion which the Bankruptcy Court granted. After re-hearing the issue on its merits, the Bankruptcy Court, being of the opinion that this court's decision in the related case of *In re Crafty Fox, Ltd.*, 475 F.Supp. 634 (W.D.Va.1979) compelled its strict adherence to attorney's fees according to the 15% figure stipulated in the secured note, directed the estate's disbursing agent to allow the Bank an amount for attorney's fees in the sum of $10,779.92. Appeal was taken from this allowance.

The cases are uniform in holding that the validity in bankruptcy proceedings of a provision in a secured note calling for stipulated attorney's fees presents a question of state law:

> Whether counsel fees in such a situation are allowable in a bankruptcy proceeding depends upon the law of the state in which the land conveyed by the deed of trust is situate.

*Brown v. Security Nat. Bank of Greensboro*, 200 F.2d 405, 408 (4th Cir. 1952). *Accord, Manufacturers' Finance Co. v. McKey*, 294 U.S. 442, 55 S.Ct. 444, 79 L.Ed. 982 (1935). The courts of the Commonwealth of Virginia have consistently upheld the validity of such provisions:

> In Virginia a stipulation in a note for compensation to attorneys for collection fees incurred, if payment of the note is not made at maturity, is a valid, binding and enforceable contract.

*Merchants & Planters' Bank v. Forney*, 183 Va. 83, 31 S.E.2d 340, 345 (1944). *Accord, University of Richmond v. Stone*, 148 Va. 686, 139 S.E. 257 (1927). The cases likewise indicate that where provision for stipulated attorney's fees is made in a note secured by a deed of trust, which deed specifies that it is given as security for said note, such attorney's fees themselves are part of the secured debt:

> When default was made in the payment of the . . . note, the attorney's fee of ten percent, under the terms of the note, when thereafter properly incurred, became due and payable as a part of the debt secured by the deed of trust.

*University of Richmond v. Stone*, 148 Va. 686, 139 S.E. 257, 259 (1927).

In its original opinion in this matter, the Bankruptcy Court determined that, pursuant to the broad equitable powers of courts of bankruptcy,

> . . . this Court can only fix an allowance payable out of the estate which must reflect necessary time and services expended and that time and services otherwise expended in unnecessary efforts in behalf of creditors cannot be compensated.

*In re Crafty Fox, Ltd.*, No. 77–00164 (W.D.Va. April 11, 1979) (citation omitted), R. at 133. As was held by this court on appeal from this decision, such an exercise of the Bankruptcy Court's equitable power was improper; because the attorney's fees at issue were secured by an unchallenged deed of trust, the Court should have adhered to the law of Virginia, which recognizes the validity of stipulated attorney's fees, in determining the amount to be awarded. *In re Crafty Fox, Ltd.*, 475 F.Supp. 634, 637 (W.D.Va.1979). This is not to say, however, that the Bankruptcy Court need blind itself to the question of allowable attorney's fees in situations of the sort here presented, for the state courts do not consider themselves so blinded. Thus in the case of *Colley v. Summers Parrott Hard-*

---

1. Payment in accordance with the stipulation would have resulted in a sum total amount of some $10,779.92.

*ware Co.*, 119 Va. 439, 89 S.E. 906 (1916), the very case in which the Virginia Supreme Court first established the validity in Virginia of a provision in a note calling for stipulated attorney's fees, the Court went on to say:

> We will add that no complaint is made in this case of the amount of the attorney's fees fixed in the note as being in itself unreasonable or unconscionable. Where this question has arisen in other jurisdictions, the courts do not appear to have had any difficulty in settling it upon just principles.

*Id.,* 89 S.E. at 908. *Accord, Triplett v. Second Nat. Bank,* 121 Va. 189, 92 S.E. 897 (1917). Subsequent state cases on the question have clothed the stipulated amount of attorney's fees with a rebuttable presumption of reasonableness, *Grand Piano Co. v. Lewis,* 179 Va. 281, 19 S.E.2d 86, 88 (1942), thereby making it incumbent on the party challenging such fees to show that the agreed upon fee is in amount unreasonable. *Conway v. American National Bank,* 146 Va. 357, 131 S.E. 803, 805 (1926). Similarly, a showing that the stipulation in question was the product of fraud, overreaching, misrepresentation or mistake will lead the courts in Virginia to themselves determine the proper amount of attorney's fees to be awarded under the stipulation. *Schwab v. Norris,* 217 Va. 582, 231 S.E.2d 222 (1977).

With respect to the controversy presently before the court, the Bankruptcy Court, construing *In re Crafty Fox, Ltd.,* 475 F.Supp. 634 (W.D.Va.1979) as holding that a provision in a secured note calling for stipulated attorney's fees is ". . . a matter of contract between the parties and not subject to a review, determination or revision by this Court," R. at 117, ordered disbursement to the Bank as attorney's fees the 15% amount stipulated in the Bank's note, or some $10,779.92. The Court's reliance on *Crafty Fox, supra* to justify such a course of action, however, was misplaced. This court held in *Crafty Fox* that,

> . . . absent such findings as would lead the state court to modify a provision in a note secured by a deed of trust for stipulated attorney's fees, the Bankrupt-

cy Court was without the authority to refuse to enforce such a stipulation as agreed to by the parties.

*In re Crafty Fox, Ltd., supra,* 475 F.Supp. at 637. As noted previously, the courts in Virginia have retained some discretion with respect to the enforcement of provisions such as that here in issue, and the Bankruptcy Court's refusal to exercise such discretion was no more proper than was its original decision to trim the award of attorney's fee pursuant to the equitable powers of the courts of bankruptcy. The case will accordingly be remanded to the Bankruptcy Court for its determination of whether the 15% stipulated attorney's fees here present would withstand the scrutiny of the Virginia courts and for such further proceedings as are consistent with this opinion.