## CIRCUIT COURT OF THE CITY OF SALEM

HCA Health Services
of Virginia, Inc.

v.

Joyce Peters

April 21, 1989

Case No. CL88000117

By JUDGE KENNETH E. TRABUE

At the pretrial hearing on January 30, 1989, counsel for both parties agreed that the Statement of Facts Material to the Issue filed in support of the defendant's Notice of Motion for Summary Judgment accurately stated the facts and issues of the case.

I am of the opinion that the plaintiff is entitled to $189 in attorney's fees representing 2.7 hours at $70 per hour. This represents an award to the plaintiff consistent with the fee agreement between plaintiff and its counsel incurred through the time the defendant confessed judgment for $5.236.10. I can find no authority that would enable this court to speculate upon what fees, if any (and the reasonableness thereof), might be incurred post-judgment in the collection. Furthermore, the purported agreement itself bases the 25 percent on the statement amount turned over to counsel for collection and makes no provision for reduction by voluntary payment thereafter, nor does it concern itself with the efforts of collection whether by suit, judgment, or postjudgment remedy.

The rule seems clear in Virginia that as between contracting parties to a promissory note or a bargain and sale for products or goods of a known and stipulated

amount, such agreement for the payment of attorneys' fees of a percentage amount of the unpaid debt is valid, makes a prima facie entitlement to recovery, is presumed to be reasonable, but that a court has the authority to reduce the fee if the defendant produces evidence of fraud, mistake, unreasonableness, or unconscionability. *Colley v. Summers Parrott Co.*, 119 Va. 439 (1916); *Conway v. American Nat. Bank*, 146 Va. 357 (1926); *Richardson v. Breeding*, 167 Va. 30 (1936); *Grand Piano Co. v. Lewis*, 179 Va. 281 (1942); *Pulaski Bank, Ex'r. v. Harrell*, 203 Va. 227 (1962); *Schwab v. Norris*, 217 Va. 582 (1977).

It is important to this case that the defendant did not sign a promissory note for a liquidated amount. Under the financial responsibility agreement, defendant promised to pay upon the tender of a statement all charges for services and treatment. There is no stated reference to the reasonableness of the fees, the cost for services and care to be provided, or the length of the stay. Because of mutual mistake as to the extent of insurance coverage, the best estimate of the parties at the time of the agreement was that the statement amount would be $500. Under the facts and circumstances of this case, I find that the 25 percent is unreasonable. This court need not decide whether under such an agreement (as opposed to a promissory note or liquidated sum contracts), the general rule of prima facie entitlement and presumption of reasonableness is applicable or whether the burden should be on the plaintiff to prove the reasonableness. The defendant has in fact produced evidence; and based upon the agreement for fees between the plaintiff and counsel of its choice, one must conclude that the attorney's fee actually agreed upon between lawyer and client is more reasonable than a different fee imposed by creditor against debtor. In determining the reasonableness of a fee, guidance can be drawn from Canon 2 of the Virginia Code of Professional Responsibility.

> DR 2-105 Fees -- (A) A lawyer's fees shall be reasonable and adequately explained to the client.
> (B) The basis or rate of a lawyer's fee shall be furnished on request of the lawyer's client.

(C) A fee may be contingent on the outcome of the matter for which the service is rendered . . . . A contingent fee agreement shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial, or appeal, expenses to be deducted from the recovery, and whether expenses are to be deducted before or after the contingent fee is calculated. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a closing statement showing the fee and the method of its determination . . . .

EC 2-19. -- The determination of a proper fee requires consideration of the interests of both client and lawyer. A lawyer should not charge more than a reasonable fee, for excessive cost of legal service would deter laymen from utilizing the legal system in protection of their rights . . . .

EC 2-20. -- The determination of the reasonableness of a fee requires consideration of all relevant circumstances. The fees of a lawyer will vary according to many factors, including the time required, his experience, ability, and reputation, the nature of the employment, the responsibility involved, and the results obtained.

In my opinion, in a case such as this where a parent assumes the financial responsibility for emergency psychiatric treatment of a child and where the amount to be charged to the guarantor is unknown, open-ended, and virtually under the complete control of the health care provider, then the test of the reasonableness of the attorney's fees charged should be examined in light of the actual agreement between the creditor and its attorney. When contested, the court should consider that agreement in light of the guidelines in the Code of Professional Responsibility and determine a reasonable fee subject, however, to the percentage cap in the language of the agreement.