**In re JELCO CONSTRUCTION, Debtor.**

**Bankruptcy No. 7–88–01581.**

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

Dec. 7, 1989.

Bruce E. Mayer, Vinton, Va., for Jelco Const.

Dale Profitt, Floyd, Va., for Bank of Floyd.

## MEMORANDUM OPINION

ROSS W. KRUMM, Bankruptcy Judge.

The matter before this Court for decision involves a question of whether state or federal law shall govern a bankruptcy court's determination of the reasonableness of a commission claimed by the trustee under a deed of trust when the claim arises under section 506(b).

## FACTS

The automatic stay imposed by 11 U.S.C. § 362(a) was modified in the above-captioned case to permit the Bank of Floyd (herein the Bank) to sell certain real property under the terms of its deed of trust with the debtor. The property was not abandoned. After the stay was modified the trustees sold the property at public auction for $238,001.00. As of the date of debtor's filing, the principal and interest owed under the note secured by the deed of trust was $202,609.57. There was also a claim for real estate taxes for 1988 and 1989 totaling $6,565.51. Thus, under section 506(b), the balance available to pay postpetition interest, reasonable fees, costs, or charges provided for under the deed of trust was $28,825.82. Postpetition interest, late charges, costs of sale, and the trustee's commission claimed by the trustees of the deed of trust totaled $34,491.31, giving rise to a deficiency claim. *See.* Accounting filed by Bank of Floyd dated October 18, 1989.

The debtor and, later on, the trustee in bankruptcy objected in this Court to the allowance of the commissions claimed by the trustees under the deed of trust. The Bank objected to this Court's jurisdiction to determine the reasonableness of the trustees' commissions and the other postpetition charges incurred by the Bank and argued that the State Court Commissioner of Accounts had previously approved the accounting of the trustees under the deed of trust. This Court held, pursuant to decision and order dated September 18, 1989, that it retained jurisdiction to determine the section 506(b) claims of the Bank since the property had not been abandoned. The Court ordered the trustees to account for the sales proceeds and ordered that the accounting show postpetition interest, costs and other charges claimed. On October 18, 1989, the Bank filed its detailed and extensive accounting in full compliance with this Court's order. The decision of this Court dated September 18, 1989, also permitted any party in interest an opportunity to object to the accounting filed by the Bank. Both the trustee and the debtor filed objec-

tions to the allowance of the trustee's commissions under the deed of trust.

It appears from the accounting that the commissions claimed by the trustees and approved by the State Court Commissioner of Accounts arise as a result of a contractual provision between the debtor and the trustees in the deed of trust for a five percent (5%) trustee's commission in the event that the property was sold under the terms of the deed of trust.

## LAW

The debtor and the Chapter 7 trustee object to the allowance of the trustee's commission on the grounds that the accounting for services rendered by the trustees under the deed of trust does not follow the standards set for determining the reasonableness of compensation to professionals under 11 U.S.C. § 330 of the Bankruptcy Code. Thus, the debtor and the Chapter 7 trustee argue that federal law concerning allowance of administrative expenses under the Code and, in particular, the standards set for allowance of attorney's fees under the Code should apply to allowance of a trustee's commission under a deed of trust when such commissions are claimed pursuant to 11 U.S.C. § 506(b).

This Court does not find a decision dealing with the allowability of a reasonable trustee's commission where the facts show that the claim arises as a result of a contractual provision entered into between the debtor and the trustees prepetition. However, there are reported decisions concerning allowance of attorney's fees where the genesis of the claim is a contractual provision for payment of attorney's fees in a promissory note secured by a deed of trust or mortgage. These cases guide this Court as to the applicable law.

A number of courts have decided that they have the inherent right to determine the reasonableness of claimed fees and that federal law is to be applied in making that determination. *Collier on Bankruptcy,* Vol. 3, Paragraph 506.05, page 506-51, (Matthew Bender, 15th Ed, 1979). According to this line of cases, a party seeking allowance of a trustee's commission would

be required to carry the burden of showing the reasonableness of the commission requested by setting forth a detailed description of the services rendered, supporting documentation, or other evidence. This is the position argued by the debtor and the Chapter 7 trustee. They argued that the trustees should file an application conforming to the standards, set for attorneys under section 330 and Bankruptcy Rule 2016.

The decided cases in the Western District of Virginia do not follow the line of authority advocated by the debtor and Chapter 7 trustee. In *United Virginia Bank v. Virginia Foundry,* 9 B.R. 493, 497 (D.C.W.D.Va.1981), the District Court held that the award of attorney's fees in a bankruptcy proceeding under a private agreement is a question of "the nature and extent of property rights" which is to be determined "in accordance with state rather than federal common law." 9 B.R. at 495. The *Virginia Foundry* decision was followed in *In re Triangle Equipment Co., Inc.,* 26 B.R. 175 (D.C.W.D.Va.1982). In *Triangle Equipment,* the District Court found that the bankruptcy court had relied on federal common law in reaching its decision. In particular, the District Court found that the bankruptcy court had utilized the *Johnson* factors as expressed in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974). The District Court stated: "These cases obviously have no applicability when the judge is called on to enforce a provision for attorney's fees contained in a private contract." *Triangle* at page 178. The decisions of the District Court in *Virginia Foundry* and *Triangle Equip.,* are consistent with the decision of the Fourth Circuit Court of Appeals in *Brown v. Security Nat. Bk. of Greensboro,* 200 F.2d 405, 408 (4th Cir. 1952). Thus, this Court holds that whether a trustee's commission under a deed of trust is allowable in a bankruptcy proceeding under section 506(b) depends upon the law of the state in which the land conveyed by the deed of trust is located.

The District Court decision of *In re Crafty Fox, Ltd.,* 475 F.Supp. 634 (D.C.W.D.Va.1979), holds:

That absent such findings as would lead the state court to modify a provision in

the note secured by a deed of trust for stipulated attorney's fees, the bankruptcy court was without the authority to refuse to enforce such a stipulation as agreed to by the parties.

*Crafty Fox*, at page 637.

In Virginia, the only circumstances under which a Virginia court will go beyond the face of a contractual arrangement for attorney's fees are allegations or evidence of mistake, fraud, misrepresentation, or overreaching. *Schwab v. Norris*, 217 Va. 582, 231 S.E.2d 222, 225 (1977). There is no allegation or evidence in the case at bar of any of the factors cited in *Schwab*. In addition, the trustees under the deed of trust have filed a detailed statement of the services rendered as trustees. This statement shows a considerable expenditure of time and effort and does not show any indication of presence of any of the *Schwab* factors. This Court finds no basis, legal or equitable, to deny the Bank the benefit of its bargain with the debtor prepetition as that bargain is reflected in the deed of trust permitting a five percent (5%) trustee's commission upon sale of the property by the trustees under the deed of trust. Further, the bank is entitled to allocate the proceeds of sale among the section 506(b) costs as it deems appropriate. On the other hand, this Court holds that the proceeds of sale must be applied first toward principal and interest which accrued to the date of the filing of the petition for relief.

Based upon the application of Virginia law and the decisions of the District Court and the Fourth Circuit Court of Appeals cited above, this Court holds that the trustee's commissions in the amount of $11,900.00 are allowable under 11 U.S.C. § 506(b). Further, this Court holds that the total fund available for payment of allowable section 506(b) claims is $28,825.82.

An order will be entered to implement this memorandum opinion.