**In the Matter of Jack P. MARCUM, Margaret Marcum, Debtors.**

**Bankruptcy No. 1–81–02760.**

United States Bankruptcy Court, S. D. Ohio, W. D.

July 26, 1982.

Diane M. Busch, Cincinnati, Ohio, for debtors.

Samuel H. Furer, Cincinnati, Ohio, for creditor.

## DECISION ON CONFIRMATION

BURTON PERLMAN, Bankruptcy Judge.

In this Chapter 13 proceeding, the debtors filed an amended plan on June 9, 1982 which is now before us for confirmation. A secured creditor, Reserve Savings and Loan Association ("Reserve") had objected to confirmation. The parties by voluntary action resolved the objection, excepting only whether Reserve was entitled to include within its claim $795.00 in court costs, filing fees and attorney fees incurred by Reserve for the filing of its foreclosure proceeding in state court and costs in the present proceeding. Confirmation of the latest plan presented by debtors will be forthcoming after disposition of this question.

Payments to the Chapter 13 trustee under the proposed plan will be, depending upon resolution of the issue before us, $158.00 per month without the inclusion of the subject fees and costs, and $180.00 per month with the inclusion of such fees to the existing debt of $3614.44. Regular monthly mortgage payments are to be maintained outside the plan. The duration of the plan is estimated at 58 months.

Debtors' petition lists Reserve, the holder of the real estate mortgage, in the amount of $30,069.45. An appraisal report of the

subject property was submitted by the debtors which values the property at $28,-500.00. Since the report was not objected to by Reserve, we will treat it as determinative of the fair market value of the real estate.

The basis upon which Reserve asserts that it is entitled to include attorney's fees, et cetera, within its claim is that its contract so provides. Debtors', on the other hand, contend that such expenses may not be included in the circumstances of the present case because of the statutory provision 11 U.S.C. § 506(b) and cases applying that provision, *In Re Eastern Equipment Company*, 11 B.R. 732 (Bkrtcy., S.D.W.Va., 1981) and *In Re Sholos*, 11 B.R. 782, (Bkrtcy., W.D.Pa., 1981). At the hearing we announced our holding that attorney's fees for proceedings in this Court, which amount to $150.00, are in any case not allowable in view of the usual American rule regarding attorney's fees. It will be understood, therefore, that the ensuing discussion relates to attorney's fees and expenses in connection with proceedings in the state courts. As to these latter fees and expenses, we hold them not recoverable and not includable within Reserve's claim. The basis for this holding is our interpretation of 11 U.S.C. § 506(b). The statute there provides:

"(b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or other charges provided under the agreement under which such claim arose."

The uncontested facts in the case before us are that the value of the property is less than the amount of the claim. A long-standing principle of Bankruptcy law is embodied in section 506(b). Interest and other amounts to which the creditor may be entitled by reason of his agreement with his debtor may be recovered only to the extent that the value of the collateral provides a source for funding payment of these items.

Since the requisite margin for payment of these amounts is not available upon a valuation of the collateral here involved, payment of the amounts sought by Reserve here cannot be allowed. See, *In Re Eastern Equipment Co.*, 11 B.R. 732, 739–740 (Bkrtcy., S.D.W.Va., 1981); *In Re Sholos*, 11 B.R. 782, 784 (Bkrtcy., W.D.Pa., 1981).

The objection of debtors to the inclusion of the amount of $795.00 in the claim of Reserve is sustained. As a consequence, the plan presented by debtors providing for payments to the trustee in the amount of $158.00 per month is confirmed.

SO ORDERED.