**In re A.J. LAWSON, Tommie Delores Lawson t/a Bowles Bake Shop and t/a Baskin-Robbins 31 Flavors-Williamson Road, Debtors.**

**Ralph K. BOWLES, Elizabeth T. Bowles, Plaintiffs,**

**v.**

**A.J. LAWSON, Tommie D. Lawson, et al., Defendants.**

**Bankruptcy No. 7–83–01005.
Adv. No. 7–84–0032.**

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

Jan. 23, 1985.

John S. Edwards, Roanoke, Va., for plaintiffs.

Bruce E. Mayer, Vinton, Va., for A.J. & Tommie Lawson.

Maryellen Goodlatte, Roanoke, Va., for United Virginia Bank.

Jennie Montgomery, Roanoke, Va., Thomas O. Plouff, Tax Div., U.S. Dept. of Justice, Washington, D.C., for I.R.S.

## MEMORANDUM OPINION

THOMAS J. WILSON, Bankruptcy Judge.

Plaintiffs Ralph K. and Elizabeth T. Bowles, creditors of A.J. and Tommie D. Lawson, filed an application for attorney's fees pursuant to 11 U.S.C. § 506(b).

The claim is based on the provisions of a third deed of trust dated June 2, 1983, securing two notes and a lease agreement. The deed of trust purports to secure approximately $33,228.41. Plaintiffs request 25% of that amount as their attorney's fee. The Debtors, on the other hand, contend that the deed of trust actually secures only $14,100.00 of the total indebtedness, the remaining $19,128.41 being unsecured under the preference provisions of the Bankruptcy Code.

The stipulated facts are briefly as follows.

Debtors filed their Chapter 13 petition August 29, 1983. Less than 90 days before they had given a third deed of trust on their residence to the Plaintiffs. The deed of trust was given to secure one note dated May 14, 1982, a second note dated October 30, 1982, and certain obligations under a lease agreement dated May 4, 1982. The Plaintiffs filed a complaint to determine the extent and validity of their lien and prayed for payment from the proceeds of the sale of the property. By Order entered March 27, 1984, $19,128.41 was determined to be an unsecured claim against the estate. The remaining $14,100.00, representing back rent and liquidated damages under the lease agreement, was allowed as a secured claim. The parties agree that the value of the secured property exceeds the amount of the Plaintiffs' allowed secured claim and all other claims secured by this property.

█ The relevant grantor's covenant in the deed of trust provides for

> ... an attorney's fee of 25 percentum of the amount due hereunder if it is collected by suit in equity or action at law, or a trustee's commission of five percentum if it is collected after due advertisement hereunder but before sale.

Strictly speaking, no suit in equity or action at law was commenced to collect the debt. However, a complaint was filed in this case by the creditors and since this is a court of equity, it seems that a suit in equity was filed for the purpose of collecting the debt. Thus, the terms of the deed of trust appear to be satisfied.

Section 506(b) provides:

> *To the extent that an allowed secured claim is secured* by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim and any reasonable fees, costs, or charges provided under the agreement under which such claim arose (Emphasis added).

The issue raised on these facts is what constitutes the "allowed secured claim."

 Plaintiffs argue that state law governs the allowance of attorneys fees under a deed of trust and cite to the Court *Vogel v. Triangle Equipment Co., Inc.,* 26 B.R. 175 (W.D.Va.1982). Plaintiffs read *Triangle Equipment* to support their position that the bankruptcy law concerning preferential transfers should be ignored when allowing or disallowing fees pursuant to § 506(b).

This Court cannot agree with such a reading of the case. Rather, this Court is of the opinion that bankruptcy law should be used first, to determine the secured status of the claim referred to in § 506(b). Only then does the Court look to state law to enforce the agreement between the parties.

In this case, the parties agree to a 25% attorney's fee of the amount due hereunder. As the Court understands the law and the Order of March 27, the amount due under the security agreement is only $14,100.00. The remainder of the debt is due only under the terms of the respective notes.

The Court notes that the Plaintiffs would be entitled to claim attorney's fees upon the terms agreed to under the two unsecured notes. Although not part of the secured claim, the attorney's fees provided in those notes would constitute part of the Plaintiffs' unsecured claim against the estate.

The Plaintiffs have two distinct claims. One is a secured claim in the amount of $14,100.00. The other is an unsecured claim. The clear language of § 506(b) states that it applies to the extent that an allowed secured claim is secured. It seems clear that had the entire indebtedness to the Plaintiffs been deemed unsecured, then they would be unable to use § 506(b) at all because there would have been no allowed secured claim. It follows that § 506(b) can be used only with respect to the $14,100.00 claim of these Plaintiffs. The Court is mindful of the most recent district court opinion in *Vogel v. Triangle Equipment Co., Inc.,* No. 83 Civ. 0685 (W.D.Va. Feb. 22, 1984). The reasonableness of the fees claimed is not objected to in the case at bar as it was in *Triangle Equipment.* The terms of the agreement under which the claim arose appear to be satisfied. Since an adversary proceeding was filed by the Plaintiffs to recover under their deed of trust, some collection effort was made. Therefore, the collection fee is *prima facie* reasonable according to the standard enunciated in *Triangle Equipment,* No. 83–0685, Slip Op. at 4 (W.D.Va. Feb. 22, 1984), citing *Conway v. American National Bank,* 146 Va. 357, 131 S.E. 802 (1926).

An order will enter allowing a $3,525.00 attorney's fee as part of the Plaintiff's secured claim.