**Jackson Vaughan KISER, Laura Christine Kiser, Debtors.**

**Jackson Vaughan Kiser, et ux., Plaintiffs,**

v.

**Russell County, Virginia, et al., Defendants.**

**Bankruptcy No. 7–03–00001–WSA–13.**
**Adversary No. 7–03–00076.**

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

May 20, 2004.

John M. Lamie, Abingdon, VA, for Debtors.

### *MEMORANDUM DECISION*

WILLIAM F. STONE JR., Bankruptcy Judge.

Jackson and Laura Kiser acquired by separate deeds two lots, apparently adjoining, in Russell County, Virginia. One of these lots was approximately .56 acre and the other was approximately .75 acre. The Kisers proceeded to build a house on the .75 acre lot and purchased materials for such purpose from Builders' Supermarket. The credit agreement between the Kisers and Builders' Supermarket provided for interest at 1.5% per month on any balance more than thirty days old, an annual percentage rate of 18%. While this agreement appears to contemplate monthly compounding of interest, Builders' Supermarket in its brief has consented to the use of a simple interest rate of 18% per annum and the Court will treat the claim as such. As part of the credit agreement the Kisers executed a personal guarantee of the debt which provided for the inclusion of attorney's fees equal to 25% of the indebtedness if the account was turned over to a collection agency or attorney for the purposes of collection. Builders' Supermarket last provided materials to the Kisers on October 5, 2001. On January 22, 2002 Builders' Supermarket recorded a Memorandum of Mechanics' Lien using a very general property description not clearly designating one or the other or both of the tracts on which it intended to place its lien. On June 11, 2002 Builders' Supermarket filed a Bill of Complaint to enforce its lien in the Circuit Court of Russell County.[1] On January 2, 2003 the Kisers filed a Chapter 13 petition in this Court and on May 22, 2003 they filed this adversary proceeding seeking a determination of the priority of various liens recorded against the subject property.

In addition to Builders' Supermarket's lien, the parties have stipulated that Russell County has a lien for unpaid real estate taxes, New People's Bank ("Bank") has recorded a Credit Line Deed of Trust, Jackson R. Kiser, the male Debtor's father, has a judgment lien against the property, and the United Way of Southwest Virginia also has recorded a Deed of Trust on the property. The Debtors filed a Motion for Summary Judgment seeking to have the lien of Builders' Supermarket declared invalid due to the failure of such creditor's Memorandum of Lien to name Mrs. Kiser as an owner of the property

---

1. No copy of the Bill of Complaint has been filed with this Court. According to a brief filed with the Court in connection with an earlier Motion for Summary Judgment, that Complaint sought to enforce the lien against the .56 acre lot.

with Mr. Kiser.[2] Said Motion was denied in an Order and Memorandum Opinion issued by this Court on December 2, 2003, which held that the Memorandum of Lien substantially complied with Virginia's statutory requirements and therefore that the lien was valid. After the hearing on the Motion for Summary Judgment, but before the Court's ruling thereon, the case was converted to Chapter 7 at the request of the Debtors.

A trial was held on the matter on February 18, 2004 at which the parties agreed to submit briefs on their respective positions and a joint stipulation of facts and issues to be decided, of which the substantive portion immediately follows:

### STIPULATION OF FACTS AND STIPULATION OF ISSUES

1. The liens and encumbrances of record in the Clerks Office of the Circuit Court of Russell County, Virginia against the property of the debtors appear of record in the following order of priority:

 a. Russell County Real Estate taxes.

 b. Builders' Supermarket Memorandum of Mechanic's lien.

 c. New People's Bank Deed of Trust.

 d. The judgment of Jack [Jackson R.] Kiser.

 e. The Deed of Trust of United Way of Southwest Virginia.

2. The value of the real estate of the debtors is as follows:

| | |
|---|---|
| 0.56 acre lot — | $ 7,000.00 |
| 0.75 acre lot — | $ 4,600.00 |
| Improvements — | $64,700.00 |

3. The improvements were constructed on the tract which has Tax Map # 116 L 749B and that tract is the 0.75 acre tract.

4. On the petition date, January 2, 2003, the balance due and owing to Builders Supermarket was $10,695.60. This figure includes $8,331.12 in principal and interest service charges of $2,364.48.

5. Of the principal owed to Builders' Supermarket, $5,118.53 represents the balance owed for materials used in the construction of the improvements placed upon the real estate prior to August 2, 2001 which was the recordation date for the Deed of Trust to New People's Bank.

6. The $5,118.53 represents a lien on the tract improved subject only to unpaid real estate taxes and said lien attaches to both the real estate and improvements.

7. The amount due and owing to New People's Bank as of the petition date January 2, 2003, was $57,188.07. The balance due and owing on the Jackson Kiser judgment as of January 2, 2003 was $8,034.51.

8. Builders' Supermarket is entitled to a secured claim by the filing of its mechanics lien only to the extent of the materials provided and the lien does not protect Builders' Supermarket on any award of attorney's fees pursuant to the agreement with the debtors.

The following issues are submitted for decision to this Court:

1. Is Builders' Supermarket entitled to post petition interest on its secured claim and, if it is entitled to such

---

**2.** The Debtor also claimed that the mechanics' lien was invalid due to an inaccurate description of the property to which it attached. The Court denied that contention from the bench and took under advisement the issue of the failure to name Mrs. Kiser in the Memorandum.

interest, what is the appropriate rate of said interest?

2. Is Builders' Supermarket entitled to an unsecured claim for attorney's fees for the services of counsel, and if so, what is the appropriate award?

3. Of the 0.56 acre tract, 0.75 acre tract and the improvements, to which does the lien of Builders' Supermarket attach and in what amount?

4. Is Builders' Supermarket entitled to an order from this Court requiring the property to be sold enforcing the security interest that it has by means of the mechanics' lien, and if not, is it entitled to relief from the stay so it can go to State Court to enforce this mechanics' lien?

On March 19, 2004 the Debtors filed a Motion to Reconvert their case to one under Chapter 13. Mr. Kiser testified at a hearing on the Motion on April 21, 2004 that the case was originally converted to Chapter 7 because they did not have sufficient income to fund a Chapter 13 plan. Since that time Mrs. Kiser has become employed and they now have enough income to fund a plan and would like to keep their house. Counsel for the Bank, which has a Motion for Relief from Stay pending, was present and did not object to the Motion, which the Court granted. Neither Builders' Supermarket nor any other creditor appeared to oppose the Reconversion Motion. Although the Stipulation does not mention it, the Complaint alleges that Superior Financial Services, Inc., which has not appeared in this adversary proceeding, has a judgment lien against both tracts of land in the amount of $510.86, docketed March 27, 2002, subsequent to the docketing of the judgment in favor of Jackson R. Kiser on March 2, 2002, but prior to the recordation on April 2, 2002 of the Deed of Trust in favor of United Way of Southwest Virginia. None of these liens has been avoided during the course of the bankruptcy case.

*CONCLUSIONS OF LAW*

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(K).

1. Is Builders' Supermarket entitled to post petition interest on its secured claim and, if it is entitled to such interest, what is the appropriate rate of said interest?

■ Before the Court can determine whether Builders' Supermarket is entitled to interest on its claim in Bankruptcy, it must first determine whether that right exists outside of Bankruptcy. In other words, does state law provide for interest on a claim secured by a mechanics' lien? Although Va.Code § 43–3 does not provide for interest on a mechanics' lien claim, nor is it expressly provided for anywhere in Title 43 of the Virginia Code, sections 43–5, –8, –10, and –22 all contemplate the inclusion of interest by including the time from which interest is claimed in its description of the memoranda required to perfect and the itemized statement required to enforce a mechanics' lien. The Virginia Supreme Court has upheld this implicit provision of interest on a mechanics' lien claim. *American Standard Homes Corp. v. Reinecke,* 245 Va. 113, 121–122, 425 S.E.2d 515, 519–520 (1993). Because Virginia law allows a mechanics' lien claimant to include interest in his or her claim, such a claim will be allowed if Bankruptcy law permits it.

■ 11 U.S.C. § 506(b) states:

To the extent that an allowed secured claim is secured by property the value of

which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

This section provides that a secured creditor is entitled to post-petition interest on its claim if it is oversecured. *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 240, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)("The natural reading of [506(b)] entitles the holder of an oversecured claim to postpetition interest.") Furthermore, the Court in *Ron Pair* held that § 506(b) applies to nonconsensual liens such as tax and mechanics' liens as well as consensual liens. *Id.* at 242–243, 109 S.Ct. 1026. Because the Code entitles the holder of an oversecured, nonconsensual lien to postpetition interest, the Court must determine to what extent, if any, Builders' Supermarket is an oversecured creditor.

 The parties have stipulated that the $5,118.53 in principal that represents the materials supplied by Builders' Supermarket prior to the recordation of the Bank's Credit Line Deed of Trust has priority over all other liens except for that of Russell County. The parties have not stipulated to the status of the remaining $3,272.47 in principal or the $2,304.00 in interest charges. The Court has reviewed New People's Bank's Credit Line Deed of Trust as well as applicable Virginia law and concludes that the intervening Deed of Trust has no effect on the status of any portion of Builders' Supermarket's mechanics' lien. Credit Line Deeds of Trust are authorized by Va.Code § 55–58.2, which provides a great deal of protection to mortgagees against the intervening interests of third parties. However, that statute states that "[m]echanics' liens created under Title 43 shall continue to enjoy

the same priority as created by that title." *Id.* at 55–58.2(3). As for the priority between mechanics' liens and Deeds of Trust, Va.Code § 43–21 provides that

No lien or encumbrance upon the land created before the work was commenced or materials furnished shall operate upon the building or structure erected thereon, or materials furnished for and used in the same, until the lien in favor of the person doing the work or furnishing the materials shall have been satisfied; nor shall any lien or encumbrance upon the land created after the work was commenced or materials furnished operate on the land, or such building or structure, until the lien in favor of the person doing the work or furnishing the materials shall have been satisfied.

The Virginia Supreme Court, interpreting a previous, but materially similar, Virginia Code section, held that any lien created after work commenced or materials were furnished was subordinate to the mechanics' liens as to both the structure and the land. *Pace v. Moorman,* 99 Va. 246, 37 S.E. 911 (1901). The pertinent time for determining the priority of a mechanics' lien is "commencement of work, or the first furnishing of materials, as the case may be." 12B Michie's Jurisprudence, Mechanics' Liens § 36 at p. 635 (Repl.Vol. 2003). Thus, the fact that the Bank's Deed of Trust was recorded prior to delivery of some of the materials supplied by Builders' Supermarket has no effect on the priority of the mechanics' lien as to those materials vis-a-vis those previously delivered. All of the materials supplied by Builders' Supermarket for the construction of the Kisers' house have the same lien priority as the materials supplied on the first day regardless of intervening liens.

 Because Builders' Supermarket has a lien in the amount of $10,695.60 against property valued at $69,300, an issue the Court will address later in this opinion,

subject only to the relatively small real estate tax lien of Russell County, the Court determines that Builders' Supermarket is an oversecured creditor for the purposes of § 506(b). As an oversecured creditor, Builders' Supermarket is entitled to post-petition interest on its secured claim.

■ As for the appropriate rate of interest the Virginia Supreme Court has held that "the legal rate of interest applies only in the absence of a lawful contract rate. Where a specified rate of interest is contracted for upon an obligation, and the rate is lawful, that rate will continue to apply after maturity of the obligation, and even after judgment, until the debt is fully paid." *Reinecke*, 245 Va. at 122, 425 S.E.2d 515, 519. In the Bankruptcy context most courts have held that postpetition interest for purposes of § 506(b) should be computed at the contract rate of interest. *See* 4 Collier on Bankruptcy, ¶ 506.04[2][b][i]. Indeed, the District Court for the Western District of Virginia has held that absent special circumstances, such as a violation of state usury laws, or where the rate is effectively a penalty, there is a presumption that the contract rate is the appropriate rate of interest for claims under § 506(b). *Florida Asset Fin. v. Dixon*, 228 B.R. 166 (W.D.Va.1998)(upholding the use of a contract default rate). Because the Court finds no special circumstances warranting a rebuttal of the presumption, nor have any such circumstances been alleged, the Court holds that Builders' Supermarket is entitled to post-petition interest at the rate contracted for in the purchase agreements, 18% per year.

2. Is Builders' Supermarket entitled to an unsecured claim for attorney's fees for the services of counsel, and if so, what is the appropriate award?

■ In its brief Builders' Supermarket withdrew its claim that its mechanics'

lien secured its attorney's fees and the parties have stipulated that the lien does not protect Builders' Supermarket on any award of attorney's fees. Such a position is in accordance with Virginia law. *See Reinecke*, 245 Va. at 124, 425 S.E.2d 515, 521. Therefore, any award of attorneys fees must arise out of a contract between the Kisers and Builders' Supermarket, rather than out of a statute. As such, any award of attorney's fees would be an unsecured debt dischargeable in bankruptcy. When Builders' Supermarket extended credit to the Kisers, the Kisers executed a personal guarantee in which they agreed "to pay all cost of collection, including reasonable attorney fees of twenty-five percent (25%)" if the account was turned over to a collection agency. Stipulations of attorney's fees as a percentage of a debt due under a contract are permissible under Virginia law. "In Virginia a stipulation in a note for compensation to attorneys for collection fees incurred, if payment of the note is not made at maturity, is a valid, binding and enforceable contract." *Schwab v. Norris*, 217 Va. 582, 587, 231 S.E.2d 222, 225–226 (1977)(quoting *Merchants & Planters Bank v. Forney*, 183 Va. 83, 94, 31 S.E.2d 340, 345 (1944)). In the Bankruptcy context this Court (Wilson, J.) has upheld the inclusion of a stipulated 25% allowance for attorneys fees in a note secured by a deed of trust as an unsecured claim. *In re Lawson*, 48 B.R. 31 (Bankr. W.D.Va.1985). Because Virginia law provides for such a stipulation of attorney's fees and no party has challenged the reasonableness of the fees in this case under Code § 506(b), the Court will grant Builders' Supermarket's request for an unsecured claim for attorney's fees equal to 25% of the amount owed by the Kisers under the Credit Agreement as of the petition filing date. Accordingly, the

amount of this claim is 25% of $10,695.60, which the Court calculates as $2,673.90.

3. Of the 0.56 acre tract, 0.75 acre tract and the improvements, to which does the lien of Builders' Supermarket attach and in what amount?

 Virginia Code § 43-3 states that "[a]ll persons performing labor or furnishing materials ... shall have a lien, if perfected as hereinafter provided, upon such building or structure, and so much land therewith as shall be necessary for the convenient use and enjoyment thereof". Pursuant to Bankruptcy Code § 363(p)(2) the burden of proof falls on the party asserting an interest in the property. Because Builders' Supermarket is asserting a lien on the Kisers' property it has the burden of proving to what property its lien attaches. There is a presumption, absent proof to the contrary, that the tract on which a house sits is necessary for the convenient use and enjoyment of the house. *See Pairo v. Bethell,* 75 Va. 825 (1881). Because Builders' Supermarket has not presented any evidence of what land is necessary for the convenient use and enjoyment of the Kisers' house, the Court will presume that only the tract on which the house sits, the .75 acre tract, is necessary and, as such, the mechanics' lien will only attach to that tract and the house thereon. The lien does not attach to the .56 acre tract.

The Court has discussed and held above that, based on Va.Code § 43-21, the full amount of Builders' Supermarket's claims is subordinate only to the real estate tax lien of Russell County and has priority over the Bank's lien as to both the land and improvements. The parties have stipulated that the balance of the claim, including accrued interest as of the petition date, was $10,695.60. The principal balance of $8,331.12 will continue to accrue interest at the per annum rate of 18% after the petition date until paid in full.

4. Is Builders' Supermarket entitled to an order from this Court requiring the property to be sold enforcing the security interest that it has by means of the mechanics' lien, and if not, is it entitled to relief from the stay so it can go to State Court to enforce this mechanics' lien?

 As stated above, subsequent to the trial in this case, the Debtors filed a Motion to Reconvert their case to one under Chapter 13 of the Code which was heard in this Court on April 21, 2004. Mr. Kiser testified to his and his wife's desire to keep their home and their financial ability to do so given their changed circumstances. Based on these representations the Court granted their Motion. Because the Debtors have indicated a willingness and an ability to reorganize under Chapter 13 and to pay the secured claims against their home, the Court will not at this time issue an Order allowing enforcement of the mechanics' lien through a forced sale of the house. Nor will the Court grant relief from the automatic stay for the same to be done in state court. If the Debtors prove unable to propose a Chapter 13 Plan which is confirmed by the Court, or obtain confirmation of such a Plan but then prove unable to complete it successfully, the Court on motion of any party in interest will reopen this adversary proceeding and deal with the enforcement of the liens against the subject property. In summary, in the current state of the bankruptcy case it is premature to attempt to answer this question.